# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LANE MIKEL FEARS,
ADC #163030                                                                                     PLAINTIFF

v.                                        3:19-cv-00099-JM-JJV

CRAIGHEAD COUNTY JAIL ADMINISTRATION                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Lane Mikel Fears is a pretrial detainee at the Craighead County Detention Facility ("CCDF").   He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights have been violated.   (Doc. No. 2.)   After careful review and for the following reasons, I find this case should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that "we," which presumably are all pretrial detainees at the CCDF, have been subjected to a variety of inhumane conditions of confinement including mildewed foam mattresses, "septic water running under our sleeping locations," "insulation dropping out of the ceiling," a roof that leaks rusty water onto the beds, and mold throughout the facility. (Doc. No. 2 at 4.) He has also filed an Addendum, signed by seven other CCDF detainees, describing other constitutional violations. (Doc. No. 4.) But, it is impossible to determine which of those alleged violations Plaintiff personally endured. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (prisoners do not have standing to bring claims on behalf of other inmates). I conclude the Complaint fails to state a plausible claim upon which relief may be granted for several reasons.

First, the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Thus, to state a plausible § 1983 conditions of confinement claim, a detainee must provide facts suggesting: (1) objectively, the conditions deprived him of the minimal civilized measures of life's necessities or

constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the conditions. *See Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). The amount of time a plaintiff has been exposed to the conditions and any harm he may have suffered are key facts in determining whether the first element has been satisfied. *Tokar v. Armontrout,* 97 F.3d 1078, 1082 (8th Cir. 1996); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994). And, deliberate indifference, which is the second element, requires actual knowledge of an excessive risk to inmate health or safety. *Washington v. Denney*, 900 F.3d 549, 560 (8th Cir. 2018) (explaining deliberate indifference is a higher standard than gross negligence). Plaintiff's Complaint does not contain facts satisfying either element.

Second, the only named Defendant is the Craighead County Jail Administration. But, jails are not proper defendants in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). And, because there is no vicarious liability in § 1983 actions, jail administrators cannot be held responsible for constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not explained how any members of the jail "Administration," through their own individual actions, violated his constitutional rights.

Importantly, I have previously explained these pleading deficiencies to Plaintiff, given him thirty (30) days to file an Amended Complaint curing them, and cautioned him I would recommend

4

dismissal if he failed to timely and properly do so.  (Doc. No. 3.)  The time for Plaintiff to plead a plausible § 1983 claim has expired.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 22nd day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."